UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAC TRUONG                                              :
                                                        :
    Complainant,                                       : Misc. No. 05-389(DRD)
                                                        :
v.                                                      :
                                                        :   **O P I N I O N**
STEVEN P. KARTZMAN, Esq., et al.                        :
                                                        :
    Respondents.                                       :
_____                     :

MAC TRUONG, Ph.D., J.S.D.
325 Broadway
New York, New York 10007
    Complainant, *pro se*

MELLINGER, SANDERS & KARTZMAN, LLC
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
    Attorneys for Respondents

RAMKRISHNA S. TARE
2227 U.S. Route One
North Brunswick, New Jersey 07101
    Intervention applicant, *pro se*

**Debevoise, Senior District Court Judge**

    Complainant, Mac Truong, filed two ethics complaints in 2005. The first, the instant proceeding, 05-mc-389 (the "389 case"), brought charges against "Steven P. Kartzman . . . and/or Adam G. Brief, Esq., and/or their law firm Mellinger, Sanders & Kartzman, LLC, and/or Richard S. Honig, Esq., and/or his law firm Hellring Lindemann Goldstein and Siegel LLP. The second proceeding, 05-mc-418 (the "418 case") brought charges against Stephen P. McGoldrick, a staff attorney with the Departmental Disciplinary Committee of the New York Supreme Court, Appellate Division. ("DCC").

As is provided in L. Civ. R. 104.1 (e)(2) the complaints were originally referred to the Chief Judge who reassigned them to the undersigned judge to determine whether further investigation is warranted. The court issued an order to show cause in each case requiring Mac Truong to show cause why the complaint should not be dismissed for, among other reasons, lack of jurisdiction. Mac Truong responded and established to the satisfaction of the court that it did have jurisdiction in that the alleged unethical conduct was committed by attorneys who were either authorized to practice law or appeared before the court.

The court concluded that it was able to make its determination in the 418 Case on the basis of the complaint, the exhibits that accompanied it and Judge Cavanaugh's February 6, 2003 opinion in the case of <u>Mac Truong, et al. v. Brian Baker, et al.</u> Civil Action No. 02-5181. The Court ordered the Defendants in the 389 Case to file an answer. An answer has been filed and Mac Truong has filed a reply and a supplemental reply.

## I. <u>The 418 Case</u>

The court dismissed the 418 Case. Because the circumstances pertinent to that case overlap those pertinent to the instant 389 case the decision will be summarized in some detail. The principal charges that Mac Truong made against McGoldrick were that he violated a May 12, 2005 "Collateral Estoppel Order of the United States Court of Appeals for the Third Circuit" by pursuing ethics proceedings against Mac Truong in the Appellate Division of the New York Supreme Court, that by securing disciplinary measures against Mac Truong such as suspension or disbarment he violated the May 12, 2005 order and an October 2005 order of the Court of Appeals, and that in pursuit of the disciplinary proceedings he based the charges against Mac Truong on a transcript of, and evidence submitted in, a proceeding before the Honorable Harold

2

Tompkins, a Justice of the New York Supreme Court.

The opinion in the 418 Case summarized the pertinent facts as disclosed in documents that Mac Truong filed with his complaint and in Judge Cavanaugh's opinion:

In January 2000, Justice Tompkins issued a judgment against Mac Truong in an action that Broadwhite Associates had filed against him.  In an opinion Justice Tompkins found that Mac Truong had knowingly submitted false evidence in the form of a forged lease and gave false testimony in support of the lease.  In May 2002 the Appellate Division of the New York Supreme Court affirmed Justice Tompkins's judgment.

Based on Mac Truong's conduct before Justice Tompkins, in December, 2003 the Appellate Division suspended Mac Truong from the practice of law.

On July 12, 2000 Mac Truong and his wife filed for bankruptcy in the New Jersey Bankruptcy Court.  In October 2002, Bankruptcy Judge Novalyn L. Winfield dismissed Mac Truong's and his wife's Chapter 11 proceeding.

In October, 2003 Mac Truong filed an action in this court entitled <u>Mac Truong and Maryse Mac Truong v. Brian L. Baker, Esq., Ravin, Greenberg & Marks, P.A., Broadwhite Associates, a New York Limited Partnership, Williams Coulthaus, Borah, Goldstein, Altschuler & Schwartz, P.C., Robert Goldstein, Lewis Lindenberg, Juergen Osmers and Joseph Farca,</u> Civil Action No. 02-5181.  The complaint in that action alleged violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1962, et seq., and the Federal Commission Act's Prohibition against Unfair or Deceptive Practices Affecting Commerce, 15 U.S.C. § 45.  Judge Cavanaugh granted defendant's motion to dismiss on February 6, 2003.  Mac Truong appealed.

On September 15, 2003 Mac Truong and his wife filed a Chapter VII bankruptcy petition.

3

Broadwhite Associates filed a non-dischargeability action in the Chapter VII proceedings.

On July 21, 2004 Mac Truong and the parties to the District Court action before Judge Cavanaugh entered into a consent order in the Bankruptcy Court settling the non-dischargeability complaint and releasing and withdrawing all claims and counter-claims.  Broadwhite Associates agreed to reduce its proof of claim from $356,509.83 to $15,000.  Mac Truong agreed to withdraw all appeals before the District Court and the Court of Appeals.  In addition, the defendants in Mac Truong's district court case agreed in the Bankruptcy Court settlement "not to file any written objection to any motion by Mac Truong in any court limited to the issue of Mac Truong seeking relief from the findings of fact of Justice Tompkins in the Judgment [of January 20, 2000 in favor of Broadwhite Associates against Mac Truong]".

Mac Truong, as part of the proceedings in the Court of Appeals withdrawing the appeal, moved for an order of that Court:

> (1) Vacating the parties' former New York Court State Supreme Court's January 20, 2000 Money Judgment . . . on the merits and in its entirety including but not limited to all its findings of fact and conclusions of law, as if said judgment had never been issued; and
> (2) Enjoining the parties hereto and/or all third parties from using any findings of fact or conclusions of law in said judgment for collateral estoppel purpose or any other purposes against any party hereto;
> …

Mr. McGoldrick, on behalf of DDC, wrote to the Court of Appeals objecting to Mac Truong's proposed order.  On October 29, 2004, the Court of Appeals denied the motion.

Thereafter, Mac Truong moved in the Court of Appeals to vacate the October 29, 2004 order.  On May 12, 2005 the Court of Appeals entered an order that, among other things, (i) construed a November 8, 2004, letter of Brian L. Baker, Esq., as a motion for reconsideration of

4

the Court's October 29, 2004 order and to dismiss the appeals and (ii) noted a notice of motion to renew by Mac Truong for order declaring the "Parties' Former Money Judgments Vacated and Dismissing appeal with Prejudice."  The Court ordered: "The foregoing motion to reconsider is granted.  Motion to dismiss appeals is granted."

Not being a party to this appeal, on May 26, 2005, on behalf of DDC, Mr. McGoldrick wrote to the Court of Appeals, again objecting to the entry of the order that Mac Truong sought and asking leave, if necessary, to file a motion to intervene and file a brief.  As far as this court is aware there has been no ruling on the motion to reconsider the October 29, 2004 order, although on October 25, 2005, the Court of Appeals denied the DDC's request that the May 26, 2005 letter on behalf of the DDC be considered as a motion to reconsider the Court's May 12, 2005 order.

On August 11, 2005, in proceedings prosecuted by the DDC, the Appellate Division of the New York Supreme Court disbarred Mac Truong.  The Court's decision was based primarily upon Mac Truong's misconduct as found by Justice Tompkins.

At the heart of Mac Truong's charges against Mr. McGoldrick was his representation that when Mr. McGoldrick pursued the disciplinary proceedings on behalf of DDC resulting in Mac Truong's August 11, 2005 disbarment, he was acting in willful violation of Bankruptcy Court orders and orders of the Court of Appeals "enjoining him and the DDC from continuing to use Justice Tompkins' false finding of forgery for collateral estoppel purposes or any other purposes."  Mac Truong based this charge on his representation that such an injunction was effected by the July 21, 2004 order of settlement in the Bankruptcy Court and the August 29, 2004, May 12, 2005, and October 25, 2005, orders of the Court of Appeals.  None of these orders had the effect that Mac Truong attributed to them, and he used, distorted and misconstrued them

5

in a manner that could only have been designed to deceive the court.

It was obvious that Mac Truong's underlying purpose was to obtain a ruling from some court that would undermine the basis of the New York Supreme Court, Appellate Division's action suspending and ultimately disbarring him, an action predicated upon Justice Tompkins's finding that he used a forged lease and testified falsely in the case before him.

In the July 21, 2004, consent settlement order in the Bankruptcy Court he somehow prevailed upon the opposing parties in an adversary proceeding to agree not to file any written objection to any motion he might make in any Court seeking relief from the findings of fact of Justice Tompkins.  That agreement, incorporated in the settlement order, by no stretch of the imagination purported to enjoin, or had the effect of enjoining Mr. McGoldrick and the DDC from pursuing disciplinary proceedings against Mac Truong based upon Judge Tompkins's findings.  Even if the parties had entered into such an agreement, and even if it were incorporated in an order, it could not under any legal theory have altered or vacated an opinion and final judgment of a state court.

Mac Truong referred to the Order of the Court of Appeals dated October 29, 2004.  As part of the process of dismissing his appeals in the Troung v. Baker case, Mac Truong had moved not only to dismiss the appeals but also moved to vacate the money judgment and findings of fact and conclusions of law issued by Justice Tompkins.  This was a motion as to which the Baker case defendants had agreed not to file any written objection.  The Court of Appeals order recited "[t]he foregoing motion is denied."  It hardly seems that it could do otherwise under existing principles of law.  That order certainly does not enjoin Mr. McGoldrick and DDC from continuing use of Justice Tompkins's opinion and findings.

Subsequently Mac Truong moved in the Court of Appeals for reconsideration of its October 29, 2004 order. On May 12, 2005 the Court of Appeals granted Mac Truong's motion and on October 25, 2005 it denied DDC's motion that a May 26, 2005 letter it had written to the Court be considered as a motion to reconsider the Court's May 12, 2005 order. The Court gave no reason why it granted the motion for reconsideration. It did not vacate its October 29, 2004 order denying Mac Truong's motion to vacate Judge Tompkins's judgment and findings. Therefore, when the Appellate Division of the New York Supreme Court disbarred Mac Truong on August 11, 2005, there was nothing that the Court of Appeals had done which would even purport to bar it from doing so. As far as this court is aware, the Court of Appeals has taken no action on Mac Truong's motion for reconsideration.

Mac Truong's motion alleging that Mr. McGoldrick was unethical in that he violated court orders precluding him from relying on Justice Tompkins's findings was completely unfounded and was based on a miasma of allegations which distorted and misrepresented the effect of the court records which accompany his motion. The other grounds that Mac Troung advanced to support discipline of Mr. McGoldrick either relied on this misrepresentation or were baseless on their face or had no support in the record.

The Court dismissed Truong's notice of motion with prejudice and with the admonition that even though he appears pro se, if complainant should in the future file or pursue such a frivolous and baseless ethics complaint he will face sanctions. In view of the fact that Mac Truong's ethics complaint was meritless and sought to have the court act on the basis of unfounded representations, there was no need to refer the matter to counsel for investigation pursuant to L. Civ. R. 104.1(e)(2). The complaint was dismissed pursuant to L. Civ. R.

104(e)(5).

## II. The 389 Case

Respondent, Steven P. Kartzman, Esq., filed a response on behalf of himself and the other respondents in the 389 Case. The response describes the role of each respondent in the Chapter 7 proceeding (Case No. 03-40283 NLW) of Mac Truong and Maryse Mac Truong. Kartzman was appointed Chapter 7 trustee in the proceeding. As trustee he is the plaintiff in pending fraudulent transfer adversary proceeding (Adv. Prv. 03-2681 NLW) in which he seeks to avoid the transfer of the Debtors' residence to Sylvaine DeCrouy, Maryse Mac Truong's sister and Mac Truong's sister-in-law and thereafter to Hugh MacTruong.

The law firm of Mellinger, Sanders & Kartzman, LLC, in which Kartzman is a partner, represents Kartzman in his capacity of trustee and in his capacity as plaintiff in the adversary proceeding.

Respondent, Adam Brief, is an attorney with the Mellinger, Sanders & Kartzman law firm. Respondent Bruce S. Etterman is an attorney with the law firm of Hellring Lindeman, Goldstein & Siegel, LLP, special counsel for the trustee and plaintiff Kartzman. Respondent Richard Honig is an attorney with the Hellring firm.

On August 27, 2004 the Bankruptcy Court issued an order authorizing Kartzman as trustee to substitute as plaintiff into the adversary proceeding that had originally been brought by Broadwhite Associates to avoid the fraudulent transfer of the Debtors' residence. Mac Truong filed five motions to dismiss the adversary proceeding, all of which were denied. He filed three motions to remove Kartzman as trustee or to sanction him. The first was denied and the last two are pending. In addition Mac Truong filed a multitude of baseless motions which can only have

been designed to disrupt and delay the bankruptcy and adversary proceedings. This reached such a point that on March 20, 2006 United States Bankruptcy Judge Winfield issued an order to the effect that "Defendants Mac Truong and Maryse Mac Truong shall be and hereby are enjoined from filing any pleadings, motions, or cross motions in the bankruptcy case bearing Case No. 03-40283 and in the adversary proceeding bearing Adversary Proceeding no. 03-2681 without leave of Court. The filing injunction is effective as of the date of this Order."

Mac Truong's 30 page complaint in the 389 Case contains two categories of charges[1]. The first reflects the charge against McGoldrick contained in the 418 Case, namely, that all respondents "have acted in concert to intentionally violate the May 12, 2005 Collateral Estoppel Order of the United States Court of Appeals for the Third Circuit issued in appellate proceeding No. 03-1449 entitled Truongs v. Bakers, et al." The decision in the 418 Case disposes of that charge. There the court found that Mac Truong's charge that McGoldrick had violated the court order "was completely unfounded and was based on a miasma of allegations which distorted and misrepresented the effect of the court records which accompany his motion." There the court also found that "Mac Truong's ethics complaint was meritless and sought to have the court act on the basis of unfounded representations." The same findings hold true in this case with respect to the charge that respondents "have acted in concert to intentionally violate" an order of the Court of Appeals.

---

[1] In addition to these two categories, the complaint makes passing reference (Para 25-28) to a bankruptcy proceeding in which Ramkrishna S. Tare was the debtor and in which Kartzman was once the trustee and, according to the complaint, was subsequently removed as trustee. Tare has made serious charges concerning attorney behavior in that and many other cases and, as discussed later in this opinion, seeks to incorporate them into this proceeding. For the reasons subsequently set forth, Tare's charges have no place on this proceeding, and Mac Truong is not in a position to incorporate them into his complaint.

A major portion of the complaint in the 389 Case asserts the same charges found to be totally without merit and makes the same allegations found to be totally false in the 418 Case, see, e.g., Complaint, paragraphs 1, 7, 22, 23, 24, 80-105, 113.

The other category of charges consists of a stream of unsubstantiated allegations that the respondents have acted improperly in the bankruptcy and adversary proceedings. For example: Kartzman failed to serve upon the Debtors notice of his application to employ Honig as his special counsel; Kartzman failed to disclose a relationship between himself and Honig involving another bankruptcy estate; Kartzman failed to give any reason why his firm could not handle the legal matters of the bankruptcy estate and had to hire the Hellring firm, suggesting that perhaps it was a kickback scheme in return for favors the Hellring firm accorded Kartzman in another bankruptcy case; Kartzman has violated seven (unspecified) state and federal court orders; Kartzman has made misrepresentations of fact to the Bankruptcy Court about the effect of a September 23, 2003 New Jersey Superior Court order dismissing the case of Broadwhite v. Sylvaine Decrouy which resulted in the Bankruptcy Court not dismissing the adversary proceeding; Kartzman disregarded the February 18, 2004 order discharging Mac Truong and he violated the Bankruptcy Court's July 21, 2004 order dismissing all of Broadwhite's actions against Mac Truong and his privies and he violated various other orders of the Bankruptcy Court.

For the most part these allegations were raised and rejected in the Bankruptcy Court. Mac Truong attributes the rejections to: e.g., i) the fact that respondents did their best and actually have mislead and confused the Bankruptcy Court with numerous material misrepresentations of fact and law (Mac Truong Certification, para 25); ii) the Bankruptcy Court was confused by respondents on legal issues (id., para 31); iii) the Bankruptcy Court was

10

confused about complex legal issues and indecisive (id. para 39, 46, 61); iv) the Bankruptcy Court "appeared to have been puzzled or confused" (Id., para 83); v) the Bankruptcy Court was indecisive on failing to promptly and correctly honor the Court of Appeals' May 12, 2005 order (an order which, this court has found, has none of the effects Mac Truong falsely attributes to it) (Id., para 85).

Mac Truong's view of the Bankruptcy Court's role is summarized in Para. 108 of his complaint:

> If the Court takes judicial notice of the article of Sherman Skolnick, [EXHIBIT 18] the USBC's "indecisiveness" to make any decision against the express wishes, however groundless or frivolous that may be, of respondents herein, can be easily understood. It is not due to the Court's lack of legal competence to understand and follow simple and settled principles of law. It is due to fear that is genuine and goes well beyond the authority or physical safety of a U.S. Bankruptcy Judge, who may just wish to be honest and fair.

Mac Truong's opinion of the Bankruptcy Court and lack of confidence in its rulings is further illustrated in his reply to a supplemental answer of the respondents in which he referred to "the incredible events that have recently occurred in the USBC showing in substance that Mr. Kartzman's outrageous misconduct continues and has been condoned and/or covered up by the Honorable Novalyn L. Winfield, Judge of the USBC" (para 5).

Mac Truong obviously has deluged the Bankruptcy Court with motions, all of which, apparently, he lost.  Apparently the motions became so oppressive that the Bankruptcy Court issued its March 20, 2006 order enjoining further motions without prior court approval[2].  Mac

---

[2] The court notes that in Vishipco Line v. Charles Schwaab & Co., 2003 WL 1345229 (S.D.N.Y. 2003), Judge Stein wrote, "Mac Truong is a vexatious litigant who has continued to file numerous repetitive, meritless and frivolous actions despite past warnings by several courts." Judge Stein imposed a litigation injunction against Mac Truong on a finding that "Mac Truong is

Truong cannot through the vehicle of this ethics complaint obtain a review of the actions of the Bankruptcy Court. There is an appeal process through which review of Bankruptcy Court orders can be obtained, which Mac Truong has failed to pursue.

There is a somewhat bizarre aspect to this proceeding. Ramkrishna S. Tare, who states that he is or was the CEO and sole shareholder of Web Sci Technologies, Inc., which is in bankruptcy proceedings, filed in the instant matter a petition for disciplinary action against Richard Honig, Esq., and Steven Kartzman, Esq. Tare claims to have been forced into bankruptcy by Fleet Bank (now Bank of America) (Docket No. 02-38316-RG). He asserts that Kartzman and Honig have been engaged in a "scheme to unjustly enrich themselves in the Millions, to the detriment of many of their victims."

The essence of the alleged scheme is that Kartzman's law firm represents Fleet Bank. Kartzman has been appointed bankruptcy trustee in numerous cases and has retained as his attorney either his own law firm of Mellinger Sanders Kartzman and/or Honig of the law firm of Hellring Lindemann Goldstein & Siegel, LLP. In a multitude of bankruptcy cases in which Kartzman has been appointed trustees Fleet Bank has been a creditor. According to Tare, Kartzman, his law firm, Honig and his law firm have failed to disclose this conflict of interest and have in fact taken positions favorable to Fleet Bank and contrary to the interests of the bankrupt estates.

In his petition Tare discloses that "[t]here is an associated proceeding before Judge Linares (05-1306-JLL) which seeks the initiation of criminal sanctions against these attorneys as they have also violated numerous Title 18 statutes and have thereby obstructed the due

---

likely to continue to abuse the judicial process and harass other parties."

administration of justice."

In his petition Tare seeks to intervene in this case in order to support Mac Truong's complaint and to bring his own complaint against Kartzman. Tare's application will be denied. The Court has found that Mac Truong's complaint is without merit in its entirety and that much of it is based on totally false representations. Tare offers nothing that would change these findings, and the court cannot understand why he would seek to join in a complaint that is based on false representations. Tare is pursuing his charges of a criminal scheme in Civil Action No. 05-1306-JLL, and if he believes that there is a criminal scheme in progress, he should report it to the Office of the United States Attorney. An order will be entered denying Tare's application to intervene in the instant proceeding, which is unrelated to the scheme which he alleges.

### III.  Conclusion

Having found that a major portion of Mac Truong's complaint is based upon misrepresentations of the effect of orders of the Bankruptcy Court and orders of the Court of Appeals for the Third Circuit and that in its entirety the charges alleged in the complaint (with its accompanying exhibits) are without merit and appear to be part of an effort to attack rulings of the Bankruptcy Court, there is no reason to refer the complaint to an attorney for further investigation. It will be dismissed with prejudice. Tare's motion to intervene in this meritless complaint will be denied. The Court will file an order implementing this opinion.

      /s/ Dickinson R. Debevoise
      DICKINSON R. DEBEVOISE
Dated:  May 4, 2006      U.S.S.D.J.

13